Kenneth VERHAAGH, Plaintiff-Appellant,†

CROWN MEDIA, INC., Involuntary Plaintiff,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Brillion Iron Works and National Fire Insurance, Defendants-Respondents.

Court of Appeals

*No. 96–0470. Submitted on briefs July 17, 1996.—Decided August 20, 1996.*

(Also reported in 554 N.W.2d 678.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Dennis J. Verhaagh* of Green Bay.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen M. Sobota*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Kenneth Verhaagh appeals a circuit court judgment affirming a determination by the Labor & Industry Review Commission, which denied him a default order based upon his employer's, Brillion Iron Works, failure to file a timely answer to his complaint and LIRC's determination that his current medical problems are unrelated to his employment with Brillion. Verhaagh contends that LIRC erred by refusing to

157

grant a default order when it made no finding that the failure to file a timely answer was the result of a mistake, inadvertence, or excusable neglect and further that there is no substantial evidence for LIRC's conclusion that his current medical difficulties are unrelated to his employment. Because we conclude that LIRC did not abuse its discretion by refusing to grant a default order and that there is substantial evidence sustaining LIRC's conclusion that his current medical problems are unrelated to his past employment with Brillion, we affirm the circuit court's judgment.

Kenneth Verhaagh worked for Brillion Iron Works from 1964 until 1989, a vast majority of which involved trimming castings with a portable grinder. In 1985, he was hospitalized with pneumonia and diagnosed with having an alpha-1 antitrypsin (A1AT) deficiency which increases the probability of developing emphysema. The medical evidence indicated that this condition is a genetic deficiency resulting from a protein enzyme relationship that can be aggravated by inhaling outside irritants. At the time of his illness, Verhaagh was a smoker and his physicians strongly advised Verhaagh that he quit smoking, which he did. They further advised that he not work in dusty conditions, such as the grinding area which contained levels of dust exceeding recommended exposure levels.

Verhaagh returned to employment in the inspection area which he alleges also had unacceptable levels of dusty irritants in the air. After four years, his condition deteriorated to the point where his physicians recommended that he terminate his employment. He was subsequently awarded social security benefits based on a finding that he was totally disabled and was diagnosed with emphysema associated with A1AT deficiency.

Verhaagh filed his initial application for hearing on May 26, 1993, claiming that the emphysema was related to his employment. Brillion filed its answer on July 12, 1993, and the matter was ultimately scheduled for hearing. Verhaagh applied for a default order based on the untimeliness of Brillion's answer. The motion was denied by the administrative law judge who was affirmed by LIRC in its decision.

Verhaagh first claims that LIRC erred by failing to grant his motion for a default order based on Brillion's untimely filing of an answer. Verhaagh contends that whether he is entitled to a default order presents a question of law which this court should resolve independently of LIRC's determination. Verhaagh further argues that LIRC's failure to find surprise, inadvertence, or excusable neglect, which is the standard used by the court in determining whether to extend time for answering in a civil lawsuit, *Hansher v. Kaishian,* 79 Wis. 2d 374, 388-89, 255 N.W.2d 564, 572 (1977), renders LIRC's failure to grant his motion for default reversible as a matter of law because LIRC has advanced no reasons in support of its decision.

Finally, Verhaagh argues that because the worker's compensation law is a remedial statute it should be construed liberally so as to provide benefits to employees, LIRC's failure to set forth adequate reasons for denying his motion for a default order is a basis for reversing LIRC's denial.

We do not agree that the standard of review is one of law; nor do we agree that the civil law standards applied to courts in extending time to answer controls an administrative agency's determination of whether to grant default judgment. Further, LIRC's failure to grant the motion for default order is not compelled by a liberal construction applied to the worker's compensa-

tion act. We first address the question of the standard of review to be applied to LIRC's denial of Verhaagh's motion for a default order. Section 102.18(1)(a), Stats., provides: "All parties shall be afforded opportunity for a full, fair, public hearing after reasonable notice, but disposition of application may be made by a compromise, stipulation, agreement, or default without hearing."

The use of the term "may" in the foregoing statute clearly submits the issue of default orders to the LIRC's discretion. *See Theodore Fleisner, Inc. v. DILHR*, 65 Wis. 2d 317, 325-26, 222 N.W.2d 600, 606 (1974) (department using its discretionary authority over procedural matters in refusing to adjourn hearing to permit additional testimony). The exercise of discretion by an administrative agency is reviewed in the same fashion as applied to the exercise of discretion by the courts of this state. *In re Altshuler*, 171 Wis. 2d 1, 8, 490 N.W.2d 1, 3 (1992). The review of an exercise of discretion for both administrative agencies and courts is whether the exercise of discretion was made based upon the relevant facts by applying a proper standard of law and represents a determination that a reasonable person could reach. *Marten Transp. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 13, 533 N.W.2d 452, 455 (1995); *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982).

In reviewing an administrative agency's discretionary decision, we defer to the administrative agency as we defer to trial courts because the exercise of discretion is so integral to the efficient functioning of both the administrative agency and the courts. The burden to demonstrate an erroneous exercise of discretion

rests on the party claiming the exercise of discretion was improper. *Colby v. Colby*, 102 Wis. 2d 198, 207-08, 306 N.W.2d 57, 62 (1981).

We now turn to the issue as to whether LIRC failed to apply the proper legal standard in its determination to deny Verhaagh's application for default order. Verhaagh contends that the surprise, mistake or excusable neglect standard enunciated in *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982), is the standard that must be applied by LIRC. *Hedtcke*, however, in enunciating the standard to be applied to courts was interpreting § 801.01(2), STATS., which is contained within the rules of civil procedure. In general, with exceptions not applicable here, the rules of civil procedure apply to the courts of this state but are not applicable to administrative agency proceedings. *State ex rel. Thompson v. Nash*, 27 Wis. 2d 183, 189-90, 133 N.W.2d 769, 773 (1965); *see Layton School of Art & Design v. WERC*, 82 Wis. 2d 324, 262 N.W.2d 218 (1978).

Because of the limited application of the rules of civil procedure to the administrative agencies of this state, we reject Verhaagh's contention that the appropriate legal standard to be applied by LIRC in determining whether to grant his motion for a default order is based upon a finding of surprise, mistake, or excusable neglect. Rather, the agency is entitled to exercise its discretion based upon its interpretation of its own rules of procedure, the period of time elapsing before the answer was filed, the extent to which the applicant has been prejudiced by the employer's tardiness and the reasons, if any, advanced for the tardiness.

In this case, Brillion has advanced no reasons for its failure to file a timely answer. The answer was filed within three days of the time required for answering. The only prejudice asserted by Verhaagh is the requirement that he submit to a hearing which did not occur until one year later. Requiring an applicant to prove his entitlement to benefits is not prejudice. It is contemplated by the worker's compensation act and is the threshold requirement for those eligible for benefits. The fact that the hearing could not be held for one year is a reflection of the demands made upon LIRC and the unique circumstances of this specific case. The length of time to hearing cannot be confused with the necessity of a hearing at which the applicant is required to demonstrate his entitlement to benefits. We find no prejudice in Brillion's relatively short delay in filing the required answer and reject Verhaagh's suggestion that the necessity of participating in a hearing should be treated as prejudice.

Because the delay in answering was relatively short, Verhaagh was not prejudiced by the delay. Additionally, Brillion asserted a bona fide defense to the claim arguing that the emphysema arose from smoking and not from irritable particulates in the air from his employment. The law does not look kindly on defaults, *Dugenske v. Dugenske*, 80 Wis. 2d 64, 68, 257 N.W.2d 865, 867 (1977), and the ability of all parties to assert their claim and defense before an appropriate tribunal will not lightly be discarded. LIRC's decision to give Brillion the opportunity to assert its defense, under the circumstances of this case, cannot be reversed on appeal as an erroneous exercise of discretion.

Finally, we consider Verhaagh's claim that the worker's compensation statute and the liberal interpretation required to provide benefits for employees mandates the granting of Verhaagh's motion for a default judgment. We agree that because the worker's compensation act is a remedial statute, ambiguities in interpretation should be resolved in favor of the employee. Such a rule of construction, however, does not authorize the creation of statutory provisions not adopted by the legislature. The legislature specifically provided that default orders were matters submitted to the sound exercise of discretion by the administrative agency. Section 102.18(1)(a), STATS. There is nothing in the act suggesting that default orders must be granted absent a showing of excusable neglect. Indeed, the application of the civil law standard to administrative agencies is erroneous. Nothing in the worker's compensation act mandates the granting of a default order based upon the tardy filing of a pleading by a party.

We next consider Verhaagh's assertion that there is no substantial evidence supporting LIRC's conclusion that his emphysema was unrelated to his employment. Our standard of review as to whether substantial evidence exists requires affirming the administrative agency's determination as long as it is a determination that could have been reached by a reasonable finder of fact. *Barnes v. DNR*, 178 Wis. 2d 290, 306, 506 N.W.2d 155, 162 (Ct. App. 1993). The conclusion reached by the administrative agency need not be supported by the preponderance of the evidence. *Chicago & N.W.R.R. v. LIRC*, 98 Wis. 2d 592, 607, 297 N.W.2d 819, 825-26 (1980). Indeed, it may be contrary to the weight of evidence. *Id.* If, however, a reasonable

finder of fact could reach the conclusion reached by the agency, we are required to affirm the agency's determination even though it may not be the conclusion that we would have reached were we the finder of fact. *Id.*

The record discloses substantial evidence from which the administrative agency could have concluded that the irritants in the air associated with his employment aggravated his A1AT condition and was ultimately a cause of his development of emphysema. The agency, however, is not compelled to reach that conclusion. Both Doctors Stevenson and Fishburn concluded that Verhaagh's chronic lung disease was the result of long-term cigarette smoking. They opined that Verhaagh's A1AT deficiency coupled with his smoking accelerated his obstructive lung disease.

Doctor Slightam apparently expressed a contrary opinion in that Verhaagh's daily emersion of foreign particulates in the air as part of his work environment irritated and eventually damaged his respiratory apparatus. Doctor Slightam also expressed reservations about the conclusions of other physicians that the lung disease was related to non-industrial causes. The weight and credit to be given the testimony of witnesses, including medical experts, is uniquely within the province of the factfinder. *Goranson v. DILHR*, 94 Wis. 2d 537, 556, 289 N.W.2d 270, 279 (1980). In this case, there was substantial medical opinion that the applicant's chronic lung disease was unrelated to his work environment but was the product of a genetic condition which was aggravated by long-term cigarette smoking averaging a pack a day. While contrary medical evidence was also received, it is LIRC's unique function to resolve the conflicts of evidence and reach facts as they determine appropriate.

We conclude that substantial evidence supports LIRC's determination that Verhaagh's current chronic lung disease is unrelated to his past employment. A reasonable finder of fact could rely upon the conclusions of two medical experts each of whom felt that Verhaagh's genetic condition was aggravated by heavy long-term cigarette smoking and not his work environment. Because this medical evidence is sufficient to meet the substantial evidence test, we are required to sustain LIRC's finding of fact. Section 102.23(6), STATS.; *Goranson*, 94 Wis. 2d at 554, 289 N.W.2d at 278. Verhaagh's contention that there is no substantial evidence to sustain LIRC's factual determination must fail. The trial court's judgment affirming LIRC's decision must therefore be affirmed.

*By the Court.*—Judgment affirmed.