IN the INTEREST OF ADRA B., a person Under the Age of
18:
JUNEAU COUNTY DEPT. OF HUMAN SERVICES, Petitioner-
Respondent,

v.

JAMES B., Respondent-Appellant.

Court of Appeals

*No. 99–1309. Submitted on briefs December 15,
1999.—Decided March 23, 2000.*

## 2000 WI App 86

(Also reported in 610 N.W.2d 144.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Chris R. Velnetske* of *S. Abrahamson & Associates, S.C.*, of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *John P. Roemer, Jr.*, assistant district attorney, of Mauston.

Before Dykman, P.J., Eich and Deininger, JJ.

¶ 1. EICH, J. James B., a corrections system inmate and the parent of a child involved in a CHIPS proceeding, has filed a *pro se* notice of appeal from the dispositional order in that proceeding, and has requested that counsel be appointed to represent him. For reasons stated below, we conclude that the notice of appeal is premature and construe James B.'s purported notice as a notice of intent to pursue postjudgment relief. We also conclude that the circuit court erroneously exercised its discretion in discharging James B.'s appointed counsel and we remand the matter to that court for reconsideration in a manner consistent with this opinion.

¶ 2. During the course of CHIPS proceedings involving James B.'s daughter, the circuit court, in the exercise of its inherent powers, appointed counsel to represent him. Then, when the dispositional order was issued, James B. notified his counsel and the Juneau County Clerk of Court of his desire to appeal. His appointed counsel sought clarification from the court as to whether his appointment included representing James B. on appeal. The court responded with a brief letter informing counsel that, in its view, the appointment had terminated upon the entry of the dispositional order and that, to the extent counsel's letter constituted a request for appointment to represent James B. on appeal, the request was denied.

¶ 3. James B. then attempted to file a notice of appeal on his own. Because it appeared that he had been represented by appointed counsel in the CHIPS proceedings, we asked for memoranda with respect to the continuation or termination of that appointment, and learned of the circuit court's termination of that appointment as just indicated.

¶ 4. We begin by considering the notice of appeal filed by James B. In CHIPS cases, appeals are commenced by first filing a notice of intent to pursue postjudgment relief, and then by a notice of appeal. *See* WIS. STAT. RULE 809.30(2) (1997–98).[1] Because no notice of intent has been filed in this case, the purported notice of appeal is premature. We will, however, construe James B.'s "notice of appeal" as the notice of intent to pursue postjudgment relief.

¶ 5. We next consider WIS. STAT. RULE 809.85, which provides that "[a]n attorney appointed by a lower court in a case or proceeding appealed to [this] court shall continue to act in the same capacity in [this] court until [this] court relieves the attorney," to which we have been referred by the parties. The statute, of course, is not before us because no appeal has yet been commenced. For the same reason, we must deny James B.'s request to appoint counsel for him. There is no appeal.

¶ 6. With respect to the status of James B.'s appointed trial counsel, the circuit court, as we have indicated, made that appointment in the exercise of its inherent powers. In *Joni B. v. State*, 202 Wis. 2d 1, 18–19, 549 N.W.2d 411 (1996), the supreme court set forth several factors which are to be considered by trial courts in the exercise of their discretionary authority to make such appointments; and the court suggested that the same considerations would apply to decisions to terminate appointments so made. Among other things, the *Joni B.* court stated that "when the [circuit] court either grants or denies a request for counsel, it should

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

memorialize its findings and rationale on the record to facilitate appellate review." *Id.* at 18.

¶ 7. In this case the circuit court's letter advising James B.'s counsel of the termination of his appointment stated only that the court believed, "based on [its] reading of section 48.23(4) of the Wisconsin Statutes," that counsel's appointment was terminated "upon completion of the dispositional hearing and the entry of the dispositional order." WISCONSIN STAT. § 48.23(4) provides as follows:

> Any counsel appointed in a petition filed under s. 48.375(7) [the parental-consent-to-abortion statute] shall continue to represent the child in any appeal brought under s. 809.105 unless the child requests substitution of counsel or extenuating circumstances make it impossible for counsel to continue to represent the child. . . .

The circuit court stated in its letter that, in its view, § 48.23(4), "indicates that counsel provided for a person is required to handle an appeal only in cases under 48.375(7) Stats," and because this was not a case involving parental consent to abortion, [James B.]'s request to have you represent him is denied."

¶ 8. First, we think the circuit court's interpretation of WIS. STAT. § 48.23(4) is erroneous. The statute says that counsel appointed in cases arising under WIS. STAT. § 48.375, which deals with parental consent to abortions, shall continue through the appeal in certain circumstances. It does not say, as the circuit court apparently believed, that in no other circumstances may an appointment of counsel continue after an appeal has been filed. Indeed, WIS. STAT. RULE 809.85, which we have mentioned above, provides otherwise.

¶ 9. Second, under *Joni B.*, the appointment of counsel, and the termination of appointed counsel, are matters left to the trial court's discretion; and we have long recognized that discretion is "more than an unexplained choice between alternatives," *Argonaut Ins. Co. v. LIRC*, 132 Wis. 2d 385, 391, 392 N.W.2d 837 (Ct. App. 1986), but contemplates a reasoning process which considers the applicable law and the facts of record, leading to a conclusion a reasonable judge could reach. *See Schneller v. St. Mary's Hosp. Medical Ctr.*, 155 Wis. 2d 365, 374, 455 N.W.2d 250 (Ct. App. 1990). We also adhere to the rule that where a discretionary decision rests upon an error of law, the decision exceeds the limits of the court's discretion. *See State v. Wyss*, 124 Wis. 2d 681, 734, 370 N.W.2d 745 (1985).

¶ 10. We thus conclude that, in terminating the appointment of James B.'s trial counsel, the circuit court did not exercise discretion in the manner contemplated by the supreme court in *Joni B.* and, further, based its termination of counsel's representation of James B. based on an erroneous view of WIS. STAT. § 48.23(4). As a result, that termination was an erroneous exercise of discretion.

¶ 11. We therefore reverse the court's decision terminating that appointment and remand for reconsideration of that decision in light of *Joni B.*, and related cases.[2]

---

[2] In addition, we will, by separate order, direct the Juneau County Clerk of Court, within seven days, to provide James B. with the information provided in WIS. STAT. RULE 809.30(2)(c)2.

*By the Court.*—Appeal dismissed.