IN the INTEREST OF DANIEL T., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

DANIEL T., Respondent-Appellant.†

Court of Appeals

*No. 03–1189. Submitted on briefs July 23, 2003.—Decided August 12, 2003.*

2003 WI App 200

(Also reported in 670 N.W.2d 95.)

† Petition to review filed.

On behalf of the respondent-appellant, the cause was submitted on the brief of *Leonard D. Kachinsky* and *Sisson & Kachinsky Law Office* of Appleton.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Mary M. Kerrigan-Mares*, assistant district attorney, of Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.[1]  Daniel T. appeals a dispositional order and a subsequent order lifting a stay on the requirement that Daniel register as a sex offender pursuant to WIS. STAT. § 301.45.[2] Daniel contends that

---

[1] This case was converted to a three-judge appeal by order dated August 8, 2003.

[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.

the trial court erred when it concluded it had no authority to impose the stay. We conclude that the trial court lacks the authority to stay sex offender registration under § 301.45. Thus, it was appropriate for the trial court to lift the stay and the order is affirmed.[3]

## Background

¶ 2.   The facts are undisputed. A delinquency petition was filed against Daniel on September 30, 2002, alleging he had engaged in one count of sexual intercourse with a person under the age of thirteen, contrary to WIS. STAT. § 948.02(1), and one count of burglary. Daniel eventually admitted the sexual assault and the burglary charge was dismissed and read in at sentencing.

¶ 3.   At the dispositional hearing on November 27, the court ordered Daniel be placed for one year in the Northwest Child and Adolescent Center. As a condition of the placement, Daniel was to register with the State as a sex offender pursuant to WIS. STAT. § 301.45. The trial court, however, stayed the registration for ninety days, pending determination of the registration statute's applicability, even though the trial court questioned its authority to order the stay. On April 15, 2003, the court ordered the stay on registration lifted and Daniel appeals.

## Discussion

¶ 4.   This appeal requires us to review and interpret sections of WIS. STAT. §§ 301.45 and 938.34. Interpretation of a statute is a question of law we review de novo. *In re Kendell G.*, 2001 WI App 95, ¶ 9, 243 Wis. 2d

---

[3] Daniel only argues regarding the order lifting the stay. He alleges no other errors with regard to the dispositional order itself.

67, 625 N.W.2d 918. A court may have erroneously exercised its discretion if it based its orders on an erroneous interpretation of the law. *In re Adra B.*, 2000 WI App 86, ¶ 9, 234 Wis. 2d 406, 610 N.W.2d 144.

■

¶ 5. We note that the initial "stay" was ordered because Daniel requested a hearing under WIS. STAT. § 938.34(15m)(bm) to determine whether WIS. STAT. § 301.45 applied. Obviously, the court was required to make such a determination because if the registration statute was inapplicable, an order requiring Daniel's registration would be unlawful. At the March 24 hearing, however, Daniel conceded that he did not fulfill any of the § 301.45(1m) exemptions from registering as a sex offender. However, he contended that the court could continue the stay based on WIS. STAT. § 938.34(16), which allows a stay of a dispositional order. The trial court disagreed, as do we.

¶ 6. WISCONSIN STAT. § 301.45(1g)(a) requires any person "adjudicated delinquent . . . for a sex offense" to comply with the section's reporting requirements. This dovetails with WIS. STAT. § 938.34(15m)(bm)'s requirement that "If the juvenile is adjudicated delinquent on the basis of a violation[] . . . of s. . . . 948.02(1) . . . the court shall require the juvenile to comply with the reporting requirements under s. 301.45 . . . ."

¶ 7. WISCONSIN STAT. § 938.34(16) allows the court to stay "the execution of the dispositional order contingent on the juvenile's satisfactory compliance with any conditions that are specified in the dispositional order . . . ." Daniel argues that there is ambiguity when WIS. STAT. §§ 301.45, 938.34(15m)(bm), and 938.34(16) are applied together. We disagree.

¶ 8. If there is any inconsistency among these three statutes, it would be that Wis. Stat. §§ 301.45 and 938.34(15m)(bm) appear to conflict with § 938.34(16). The first two require registration, but the latter might allow a court to circumvent that requirement with a stay. When statutes on the same subject conflict, the more specific one controls. *Nicolet Minerals Co. v. Town of Nashville*, 2002 WI App 50, ¶ 17, 250 Wis. 2d 831, 641 N.W.2d 497.

¶ 9. Here, the more specific statute is the mandatory registration of Wis. Stat. § 301.45. If § 301.45 did not exist, a different sanction could replace it for adjudicatory purposes under Wis. Stat. § 938.34(15m)(bm). In other words, when the court is confronted with a juvenile sex offender, the general juvenile justice statute refers courts to the specific statute of § 301.45 to discover the penalty. Section 301.45(1m) is very specific about when the registration requirement is inapplicable—no part of § 301.45 allows registration to be superceded by a judicial stay. Moreover, § 301.45(5)(a) makes the registration requirements applicable for fifteen years after adjudication,[4] with no mention of the court's ability to toll this time limit by issuing a stay. Thus, a stay may not be issued to circumvent § 301.45 registration requirements.

¶ 10. Alternatively, we disagree that Wis. Stat. § 938.34(16) would allow a trial judge to stay a condition of a dispositional order.[5] The statute allows the

---

[4] There are actually several subsections, but they simply refer to different dates on which to start the fifteen-year "clock."

[5] We also disagree that the court can stay a part or single condition of a dispositional order. Wisconsin Stat. § 938.34(16) allows a stay of "the execution of the dispositional order . . . ." It

dispositional order to be stayed provided the stay is contingent on the juvenile fulfilling the conditions set forth in the original dispositional order. Here, the disposition is the year-long placement; registration as a sex offender is a condition "specified in the dispositional order . . . ." If a stay were issued, the most it could do would be to stay Daniel's placement at Northwest Child and Adolescent Center. Even then, he would have to fulfill the registration condition to keep the full disposition in abeyance.

*By the Court.*—Orders affirmed.

does not say that a stay of a section of the dispositional order or that a stay of conditions of the order is allowed. We acknowledge that in *State v. Kendell G.*, 2001 WI App 95, ¶¶ 11, 16, 243 Wis. 2d 67, 625 N.W.2d 918, we wrote that the court might stay all or part of a disposition. However, the question in *Kendell G.* was whether, when there is a stay, counting the one-year maximum placement begins on the day the order is entered or the day the stay is lifted. Moreover, there was no dispute over whether the court could stay the dispositional order. Consequently, the interpretation of how much of an order § 938.34(16) allows to be stayed is dicta.