In the INTEREST OF CESAR G., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

CESAR G., Respondent-Appellant-Petitioner.

Supreme Court

*No. 02–2106. Oral argument March 24, 2004.—Decided June 3, 2004.*

2004 WI 61

(Also reported in 682 N.W.2d 1.)

Sykes, J., took no part.

For the respondent-appellant-petitioner there were briefs and oral argument by *Eileen A. Hirsch,* assistant state public defender.

For the petitioner-respondent the cause was argued by *Shannon Wittenberger,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This case is a review of an unpublished decision of the court of appeals.[1] Cesar G. seeks review of a court of appeals decision affirming the circuit court's order of the circuit court for Brown County, Richard J. Dietz, judge, refusing to stay that portion of the dispositional order requiring Cesar to register as a sex offender. We granted review on two issues:

1) Does Wis. Stat. § 938.34(16) (2001–02)[2] authorize a circuit court to stay that part of a dispositional order requiring a delinquent child to register as a sex offender?[3]

2) If a circuit court has discretion to stay a dispositional order requiring a delinquent child to register as a sex offender, what criteria should the circuit court consider in exercising that discretion?

¶ 2. We answer the first question in the affirmative. A circuit court has discretion under Wis. Stat. § 938.34(16) to stay that part of a dispositional order requiring a delinquent child to register as a sex offender.

---

[1] *State v. Cesar G.,* No. 02–2106, unpublished slip op. (Wis. Ct. App. April 1, 2003).

[2] All references to the Wisconsin statutes are to the 2001–02 version unless otherwise indicated.

[3] The court of appeals did not address this issue. *State v. Cesar G.,* No. 02–2106, unpublished slip op., ¶ 3 (Wis. Ct. App. Apr. 1, 2003).

24

¶ 3. In response to the second question, we conclude that in determining whether to stay such an order, a circuit court should consider the seriousness of the offense as well as the factors enumerated in Wis. Stat. §§ 938.34(15m)(c) and 301.45(1m)(e). The court of appeals concluded that the circuit court properly exercised its discretion in the present case by refusing to stay the sex offender registration requirement. We disagree with the court of appeals.

¶ 4. We conclude that the circuit court based its decision not to issue the stay on the incorrect assumption that it did not have the authority to issue a stay under Wis. Stat. § 938.34(16). Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court to exercise its discretion in deciding whether to issue a stay based on the appropriate factors.

I

¶ 5. Cesar G. was adjudicated delinquent for first-degree sexual assault, contrary to Wis. Stat. § 940.225(1)(c), and first-degree sexual assault of a child, party to a crime, contrary to Wis. Stat. § 948.02(1). Cesar was 12 years old at the time of the assault.

¶ 6. At trial, 12-year-old Elizabeth M. testified that she, Cesar, Tony, and Kristian were at Cesar's house listening to music and hanging out. According to Elizabeth, she and the three boys went into Cesar's garage and Tony closed and locked the door to the garage. Cesar told her to "flash" them and she refused. Cesar then grabbed her arms and Tony grabbed her legs and she fell. Once Elizabeth was on the ground Tony pulled her shirt over her head and Tony and Cesar

grabbed her breasts. Elizabeth struggled to get away but Cesar and Tony were holding her down. Tony then pulled the victim's pants and underwear down and put his fingers in her vagina. Cesar then put his fingers in her vagina and she kicked and he stopped. They then let her up and everyone left the garage.

¶ 7. Cesar testified that he only grabbed the victim to try to help her get away from Tony and that he never touched her sexually. The court found Cesar delinquent on both counts: first-degree sexual assault and first-degree sexual assault of a child, party to a crime.

¶ 8. At a dispositional hearing a social worker from the Brown County Human Services Department Juvenile Court Unit recommended that Cesar be placed at Lincoln Hills School. The circuit court ordered a psychological evaluation to help appraise dispositional alternatives. The psychologist recommended in-home placement with intensive supervision. The circuit court ordered that Cesar G. be placed at Lincoln Hills School but then stayed the execution of that order. The circuit court did not, however, stay the numerous other provisions set forth in the dispositional order.[4]

---

[4] Cesar's dispositional order states in pertinent part:

Cesar shall be placed in the secure correctional facility at Lincoln Hills School, W4380 Copper Lake Rd, Irma, WI, 54442–9720. This order shall be STAYED.

Cesar shall serve 30 days in Secure Detention, to report on 3/21/02, and upon release, is to have at least 60 days electronic monitoring, unless more time is deemed necessary by the Department.

Cesar is to have no contact with the victim listed in the petition.

Cesar is to be responsible for up to $200 in restitution, to be paid through the Family Service Restitution Program.

Cesar shall attend a sexual perpetrator treatment program.

¶ 9. Cesar's attorney requested the circuit court to stay that portion of the dispositional order requiring Cesar to register as a sex offender. The circuit court denied the motion.

¶ 10. On appeal, Cesar argued that the circuit court denied his request because it incorrectly concluded that it did not have the authority to stay the sex offender registration requirement. The court of appeals determined that the circuit court had assumed that it had the authority to stay the registration requirement and that it properly exercised its discretion when it denied Cesar's request to stay the sex offender registration requirement.

Cesar shall attend a Cultural Education Program through Catholic Social Services, for continued acculturation and assimilation guidance, sex-respect and education, and facilitation of any community service.

Cesar shall submit to a DNA sample.

Cesar shall attend school daily and work up to the best of his ability. The Department is to contact the school to see if Cesar's educational needs are properly addressed.

Cesar and his family shall go through counseling, as deemed appropriate by the Department.

Cesar shall have no contact with the co-defendant, Tony C.

Cesar shall be responsible for a $25.00 Victim/Witness fee.

Cesar must register as a sex offender.

Cesar shall have no contact with anyone under the age of 13, unless supervised by an adult.

Cesar shall have no further law violations.

¶ 11. We turn first to the issue of whether a circuit court has authority under Wis. Stat. § 938.34(16) to stay a dispositional order requiring a delinquent child to register as a sex offender. Interpretation of a statute presents a question of law that this court decides independently of the circuit court and court of appeals but benefiting from their analyses.

¶ 12. We begin with Wis. Stat. § 938.34(15m)(am), which states that "except as provided in par. (bm)," if a juvenile is adjudicated delinquent on the basis of a violation under chapters 940, 944; or 948 or §§ 943.01 to 943.15, the circuit court may require the juvenile to comply with the registration requirements of § 301.45 if the court determines that the underlying conduct was sexually motivated and that it would be in the interest of public protection to have the juvenile register.[5] The word "may" in (15m)(am) appears to grant the circuit court discretion to determine whether to require a juvenile to comply with the registration requirements of § 301.45. Cesar was adjudicated delinquent on the basis of violations of chapters 940 and 948 and thus comes within § 938.34(15m)(am).

---

[5] Wisconsin Stat. § 938.34(15m)(am) provides in pertinent part:

> Except as provided in par. (bm), if the juvenile is adjudicated delinquent on the basis of any violation, or the solicitation, conspiracy or attempt to commit any violation, under ch. 940, 944 or 948 or ss. 943.01 to 943.15, the court may require the juvenile to comply with the reporting requirements under s. 301.45 if the court determines that the underlying conduct was sexually motivated, as defined in s. 980.01 (5), and that it would be in the interest of public protection to have the juvenile report under s. 301.45.

28

¶ 13. We must next determine whether Cesar falls within the "except clause" of Wis. Stat. § 939.35(15)(am). The except clause refers to § 939.34(15m)(bm). Wisconsin Stat. § 938.34(15m)(bm) states that if a juvenile is adjudicated delinquent on the basis of a violation of one or more of the statutes listed in that section, then "the court shall require the juvenile to comply with the reporting requirements under s. 301.45 unless the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45(1m)."[6] Cesar falls within (bm). He was found delinquent based on violations of two of the statutes listed under Wis. Stat. § 938.34(15m)(bm). The word "shall" in (15m)(bm) appears to require a circuit court to mandate compliance with the registration requirements unless the juvenile falls within § 301.45(1m).

¶ 14. Thus far our analysis leads to the conclusion that the circuit court was required to order Cesar to comply with sex offender registration pursuant to Wis. Stat. § 301.45(1m).

¶ 15. As a result, we must examine Wis. Stat. § 301.45(1m) to determine whether a circuit court may relieve Cesar from the registration requirement under

---

[6] Wisconsin Stat. § 938.34(15m)(bm) provides in pertinent part:

> If the juvenile is adjudicated delinquent on the basis of a violation, or the solicitation, conspiracy, or attempt to commit a violation, of s. 940.22 (2), 940.225 (1), (2), or (3), 944.06, 948.02 (1) or (2), 948.025, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, 948.095, 948.11 (2)(a) or (am), 948.12, 948.13, or 948.30, or of s. 940.30 or 940.31 if the victim was a minor and the juvenile was not the victim's parent, the court shall require the juvenile to comply with the reporting requirements under s. 301.45 unless the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45 (1m).

Wis. Stat. § 301.45.[7] Section 301.45(1m) lists several requirements, all of which must be met before an individual may qualify for an exception to the registration requirement. Cesar does not meet these requirements and does not qualify for the section 301.45(1m) exception.

¶ 16. We therefore turn to the statutory provision for a stay to determine whether the stay provision would enable a circuit court to stay that part of a dispositional order requiring the juvenile to register. The stay provision of Wis. Stat. § 938.34(16) provides that after ordering a disposition under § 938.34, a circuit court may "enter an additional order staying the execution of the dispositional order."[8]

---

[7] Wisconsin Stat. § 301.45(1g) requires that "[e]xcept as provided in sub. (1m), a person shall comply with the reporting requirements under this section if he or she meets one or more of the following criteria: (a) Is convicted or adjudicated delinquent on or after December 25, 1993, for a sex offense. . . . "

[8] Wisconsin Stat. § 938.34(16) provides as follows:

(16) Stay of order. After ordering a disposition under this section, enter an additional order staying the execution of the dispositional order contingent on the juvenile's satisfactory compliance with any conditions that are specified in the dispositional order and explained to the juvenile by the court. If the juvenile violates a condition of his or her dispositional order, the agency supervising the juvenile shall notify the court and the court shall hold a hearing within 30 days after the filing of the notice to determine whether the original dispositional order should be imposed, unless the juvenile signs a written waiver of any objections to imposing the original dispositional order and the court approves the waiver. If a hearing is held, the court shall notify the parent, juvenile, guardian and legal custodian, all parties bound by the original dispositional order and the district attorney or corporation counsel in the county in which the dispositional order was entered of the time and place of the hearing at least 3 days before the hearing. If all parties consent, the court may proceed immediately with the hearing. The court may not impose the original dispositional order

¶ 17. The State argues that the stay provision of Wis. Stat. § 938.34(16) is not applicable to the registration requirement. The State asserts that because § 301.45 requires registration of juvenile delinquents and provides an exception, § 301.45 cannot be trumped by § 938.34(16) relating to a stay. Nothing in the texts of the statutory provisions supports the State's interpretation.

¶ 18. The State further contends that because Wis. Stat. § 938.34(16) refers to the staying of a dispositional order and not to the conditions set forth in that order, like registration, the stay provision does not apply to the registration requirement. The State posits that the registration requirement listed in Cesar's dispositional order is not a disposition, but instead is "a condition of a disposition." The State argues that upon adjudication of a qualified sex offense, a dispositional order includes a placement (the disposition) and conditions, such as treatment, payment of fines or restitution, or compliance with sex offender treatment.

¶ 19. The State argues that the sex offender registration requirement is a condition rather than a disposition for two reasons: It "cannot stand alone"; and Wis. Stat. § 938.354(16) allows for a stay of a dispositional order, not a stay of conditions or parts of a dispositional order. In other words, if a dispositional order (the placement) is stayed, the stay is contingent on the completion of conditions.

¶ 20. The State's argument relies in large part on the court of appeals decision in *In re Daniel T.*[9] In that

unless the court finds by a preponderance of the evidence that the juvenile has violated a condition of his or her dispositional order.

[9] *In re Daniel T.*, 2003 WI App 200, 266 Wis. 2d 1032, 670 N.W.2d 95.

case, the circuit court ordered placement of the juvenile defendant in custody for one year and registration as a sex offender pursuant to Wis. Stat. § 301.45. Daniel T. sought to have his registration requirement stayed, but the circuit court questioned its authority to do so. The court of appeals adopted the disposition-condition distinction and held that § 301.45 provides the only exception to the mandatory registration requirement.

¶ 21. In adopting the disposition-condition distinction, the court of appeals explained that Wis. Stat. § 938.34(16) did not allow a stay of the condition of sex offender registration, reasoning as follows:

> [Wisconsin Stat. § 938.34(16)] allows the dispositional order to be stayed provided the stay is contingent on the juvenile fulfilling the conditions set forth in the original dispositional order. Here, the disposition is the year-long placement; registration as a sex offender is a condition "specified in the dispositional order . . . ." If a stay were issued, the most it could do would be to stay Daniel's placement at Northwest Child and Adolescent Center. Even then, he would have to fulfill the registration condition to keep the full disposition in abeyance.[10]

The court of appeals further stated in *Daniel T.* that a circuit court could not stay a part or single condition of a dispositional order.[11] In this respect the court of appeals contravened a prior court of appeals decision, *In re Kendall G.,*[12] that interpreted Wis. Stat.

---

[10] *Id.,* ¶ 10.

[11] *Id.,* ¶ 10 n.4.

[12] *In re Kendell G.,* 2001 WI App 95, 243 Wis. 2d 67, 625 N.W.2d 918.

§ 938.34(16) to permit a circuit court "to stay the imposition of a dispositional order or a portion thereof."[13]

¶ 22. In *Daniel T.*, the court of appeals has in effect rewritten subsection˙ (16) to read as follows: "After ordering a disposition under this section, *other than a sub. (15m) disposition [relating to sex offender registration requirements],* [a circuit court may] enter an additional order staying the execution . . . ."

¶ 23. The *Daniel T.* case is not precedential for this court, however, because a petition for review was filed. The *Daniel T.* case is presently being held awaiting the disposition of the case at bar.

¶ 24. We are not persuaded by either the State's or the *Daniel T.* court of appeals' reading of these statutes. Neither the text of Wis. Stat. § 938.34 nor any authority supports the State's or court of appeals' interpretation of the sex offender registration requirement in § 938.34(15m) as a "condition" rather than a disposition.

¶ 25. Upon examination of the text, history, and purpose of these statutory provisions, we conclude that the sex offender registration requirement is part of a disposition under Wis. Stat. § 938.34 and that § 938.34(16) allows a circuit court to stay a dispositional order or any number of the dispositions set forth within the dispositional order.[14]

---

[13] *Id.,* ¶ 16. The *Daniel T.* court characterized the *Kendell G.* language as dicta. *Daniel T.,* 266 Wis. 2d 1032, ¶ 10 n.4.

[14] We note that "a disposition under sub. (4m) [correctional placement] must be combined with a disposition under sub.

¶ 26. The text of Wis. Stat. § 938.34 supports our reading of § 938.34(16). First of all, § 938.34 begins by stating that if a circuit court adjudges a juvenile delinquent, it "shall enter an order deciding one or more of the dispositions of the case."[15] The statute thus explicitly envisions the possibility of several dispositions.

¶ 27. Second, Wis. Stat. § 938.34 lists 40 different programs, activities or placements a circuit court might order, and refers to them as "[t]he dispositions under this section." This list includes, among others, counseling,[16] supervision,[17] teen court program,[18] intensive supervision,[19] placement,[20] electronic monitoring,[21] transfer of legal custody,[22] type 2 child caring institution placement,[23] serious juvenile offender program,[24]

---

(4n)[aftercare supervision on release from a secured correctional institution]." *See* Wis. Stat. § 938.34.

[15] The introduction to Wis. Stat. § 938.34 states in pertinent part:

> Disposition of juvenile adjudged delinquent. If the court adjudges a juvenile delinquent, the court shall enter an order deciding one of more of the dispositions of the case as provided in this section under a care and treatment plan . . . . *The dispositions under this section are:* . . . .

Wis. Stat. § 938.34 (emphasis added).

[16] Wis. Stat. § 938.34(1).
[17] Wis. Stat. § 938.34(2).
[18] Wis. Stat. § 938.34(2m).
[19] Wis. Stat. § 938.34(2r).
[20] Wis. Stat. § 938.34(3).
[21] Wis. Stat. § 938.34(3g).
[22] Wis. Stat. § 938.34(4).
[23] Wis. Stat. § 938.34(4d).
[24] Wis. Stat. § 938.34(4h).

correctional placement,[25] restitution,[26] supervised work program or other community service work,[27] victim offender mediation program,[28] drug testing,[29] deoxyribonucleic acid analysis requirements,[30] and sex offender registration requirements.[31]

¶ 28. The list in § 938.34 does not differentiate between "conditions" and "dispositions," and the entire list is encompassed in the words "dispositions under this section." Section 938.34(16) speaks of "conditions that are specified in the dispositional order" but does not describe what it means by conditions. Nothing in the text of § 938.34 explicitly or implicitly prohibits a circuit court from staying sex offender registration.

¶ 29. Furthermore, the State's argument that the legislature intended to divide the list set forth in Wis. Stat. § 938.34 into dispositions and conditions is not supported in the history of the statute.

¶ 30. A review of the statute's history reveals that the legislature intended the stay in Wis. Stat. § 938.34(16) to apply to the registration requirement. Mandatory sex offender registration was added to chapter 48, the Children's Code, as § 48.34(5) by 1993 Act 98, effective December 25, 1993. When the legislature revised the Children's Code and created the Juvenile Justice Code (JJC), the legislature included new dispositional options, including sex offender registration (§ 938.34(15)) and the new authority to stay any dispo-

---

[25] Wis. Stat. § 938.34(4m).

[26] Wis. Stat. § 938.34(5).

[27] Wis. Stat. § 938.34(5g).

[28] Wis. Stat. § 938.34(5r).

[29] Wis. Stat. § 938.34(6s).

[30] Wis. Stat. § 938.34(15).

[31] Wis. Stat. § 938.34(15m).

sition. That the legislature did not continue the prior mandatory sex offender registration by expressly excluding sex offender registration from the dispositions that could be stayed under Wis. Stat. § 938.34(16) supports the conclusion that the legislature intended a circuit court to have the power to stay a sex offender registration dispositional order.

¶ 31. Although the State offers treatment, payment of forfeitures or restitution, and compliance with sex offender treatment, as well as sex offender registration, as examples of conditions of disposition, both the Juvenile Justice Study Committee Report[32] (that led to the adoption of the Juvenile Justice Code) and the Legislative Reference Bureau Analysis of the law creating the Juvenile Justice Code treat fines, restitution, and treatment as "dispositions."[33]

¶ 32. Moreover, the State's argument that the circuit court should be prevented from staying portions

---

[32] *See* Juvenile Justice Study Committee, *Juvenile Justice: A Wisconsin Blueprint for Change* at 16–17 (Jan. 1995) ("The committee also recommends the creation of the following new dispositions: . . . Contribution of a percentage of any income that the juvenile receives while placed in an out-of-home placement as restitution to the juvenile's victim. . . . Inpatient alcohol or other drug abuse treatment . . . . A forfeiture not to exceed $100 for a violation of a criminal law that is applicable only to a juvenile . . . .").

[33] The Legislative Reference Bureau's Analysis contained in 1995 Wisconsin Assembly Bill 130 is derived from the Juvenile Justice Study Committee Report and states: "This bill creates the following new dispositions: . . . . Contribution of a percentage of any income that the juvenile receives while placed in an out-of-home placement towards restitution of the juvenile's victim. . . . Inpatient alcohol or other drug abuse treatment . . . . A forfeiture not to exceed $100 for a violation of a criminal law that is applicable only to a juvenile . . . ."

of a dispositional order is inconsistent with the purpose of the Judicial Justice Code. A goal of the Code is to "allow[] the judge to utilize the most effective dispositional plan" in order to "respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public."[34]

¶ 33. Allowing a stay of that part of the dispositional order requiring registration might, in a given case, be consistent with the offender's needs, the prevention of delinquency, the protection of the public and the juvenile's best interest. A statutory scheme designed to give circuit courts flexibility to tailor dispositional orders to the circumstances of a particular case

---

[34] Wis. Stat. § 938.01(2)(f).

Two of the Juvenile Justice Code's authors have expressed the Code's goal of permitting a circuit court to create individualized dispositional plans in each case in the following terms:

> The balance of rehabilitation, personal accountability and community protection created in the new code will provide juvenile courts statewide with a broader range of options to respond to young people's unlawful behavior. Courts will be better able to create a dispositional plan appropriate to the needs of the individual and society under the circumstances of a particular case.

Dennis J. Barry & Bonnie Ladwig, *Time Ripe for Change,* 69 Wisconsin Lawyer 4, 10, 13 (Apr. 1996).

"Written views of members of the committee can be considered as authoritative statements regarding legislative intent." *State v. Gordon,* 111 Wis. 2d 133, 143, 330 N.W.2d 564 (1983) (citing *State v. Genova,* 77 Wis. 2d 141, 151, 252 N.W.2d 380 (1977)). *See also State v. Picotte,* 2003 WI 42, ¶ 14, 261 Wis. 2d 249, 661 N.W.2d 381, (citing William A. Platz, *The Criminal Code,* 1956 Wis. L. Rev. 350). William A. Platz was one of the chief architects of the 1953 and 1955 versions of the Wisconsin Criminal Code.

would give a circuit court discretion to stay all or some portions of a dispositional order, including sex offender registration.

¶ 34. If the stay applies to the registration requirement, then when a circuit court enters an order mandating registration and also enters an order staying registration, the stayed registration requirement never goes into effect if the juvenile successfully completes the dispositional order. If the juvenile violates the dispositional order, the mandatory registration requirement goes into effect. This result is consistent with the rehabilitative purposes of the Juvenile Justice Code.

¶ 35. In contrast, the State argues that allowing courts to stay the sex offender registration requirement runs counter to the purpose of the Juvenile Justice Code, with its emphasis on protecting the public. The State asserts that the legislature did not intend to treat adult and juvenile sex offenders differently with regard to the registration requirement. According to the State, the statutory scheme evidences the legislative intent to protect the public by requiring a person who is adjudicated delinquent or convicted of a qualifying sex offense and who does not fall within the statutory exception to register as a sex offender.

¶ 36. The State's emphasis on the public protection purpose exaggerates this aspect of the Juvenile Justice Code at the expense of the other purposes, including rehabilitation.[35] The purpose of the Juvenile Justice Code was to adopt an approach that "balances

---

[35] *See In re Hezzie R.,* 219 Wis. 2d 848, 873, 580 N.W.2d 660 (1998) ("Although the legislature subsequently enacted the JJC to incorporate a new balanced approach in juvenile delinquency proceedings, the legislature did not lose sight of the fact that the JJC provisions are distinct from the criminal code provisions, and that the rehabilitation of juveniles is a primary objective.").

rehabilitation, personal accountability and public protection and which best serves both the offender and society."[36] Allowing a circuit court to stay sex offender registration is consistent with this purpose and approach. A circuit court should have the flexibility to tailor a juvenile's dispositional plan to achieve the equally important goals.

¶ 37. The policies the State urges that favor a mandatory registration requirement in non-juvenile cases simply do not apply in juvenile cases where a circuit court has flexibility to tailor a juvenile's disposition to achieve the multiple goals of the Juvenile Justice Code. As we explained in *In re Hezzie R.*,[37] which did not involve a stay, the Juvenile Justice Code is not a criminal code:

> The requirements of § 301.45, therefore, are only imposed on a juvenile who is adjudicated delinquent where the particular facts of the case and concerns for public safety dictate it. This is not criminal punishment and does not equate the JJC to a criminal code.[38]

¶ 38. The State attempts to combat this reasoning by contending that Wis. Stat. § 301.45, not § 938.34, is the more specific statute, and therefore § 301.45 controls when a juvenile may be excused from the sex offender registration requirements. The State relies on *Daniel T.*, in which the court of appeals explained the relationship of the general and specific statutes as follows:

---

[36] Juvenile Justice Study Committee, *supra* note 32, at 10.

See also the statement of legislative purpose set forth in Wis. Stat. § 938.01(2).

[37] *In re Hezzie R.*, 219 Wis. 2d 848, 580 N.W.2d 660 (1998).

[38] *Hezzie R.*, 219 Wis. 2d at 881.

Here, the more specific statute is the mandatory registration of Wis. Stat. § 301.45. If § 301.45 did not exist, a different sanction could replace it for adjudicatory purposes under Wis. Stat. § 938.34(15m)(bm). In other words, when the court is confronted with a juvenile sex offender, the general juvenile justice statute refers courts to the specific statute of § 301.45 to discover the penalty. Section 301.45(1m) is very specific about when the registration requirement is inapplicable—no part of § 301.45 allows registration to be superceded by a judicial stay. Moreover, § 301.45(5)(a) makes the registration requirements applicable for fifteen years after adjudication, with no mention of the court's ability to toll this time limit by issuing a stay. Thus, a stay may not be issued to circumvent § 301.45 registration requirements.[39]

¶ 39. In this instance, it is difficult to determine which is the more specific statute. Wisconsin Stat. § 301.45 is specific as to sex offender registration, while § 938.34(16) is specific as to juvenile dispositional orders. In such a case, the canon of construction that a specific statute governs a general one does not assist us in interpreting the statutes.

¶ 40. In sum, we conclude that the sex offender registration requirement established in Wis. Stat. § 938.34(15m) is a disposition. Furthermore, Wis. Stat. § 938.34(16) allows the circuit court to stay one or more of the § 938.34 dispositions contained in its dispositional order, including the disposition requiring the juvenile to register as a sex offender.

¶ 41. Reading the statutes in this way comports with the texts, is consistent with the statutes' history and purpose, and harmonizes the statutes.

[39] *Daniel T.* 266 Wis. 2d 1032, ¶ 9.

40

## III

¶ 42. Having concluded that a circuit court has the authority to stay the execution of that part of a dispositional order requiring a delinquent child to register as a sex offender, we now turn to the question whether the circuit court properly exercised its discretion in denying Cesar's motion for a stay. The function of this court is not to exercise discretion in the first instance but to review a circuit court's exercise of discretion. "[A] discretionary determination must be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purposes of achieving a reasonable determination."[40] An appellate court will affirm a circuit court's discretionary decision as long as the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach."[41] Therefore, the record on appeal must "reflect the circuit court's reasoned application of the appropriate legal standard to the relevant facts in the case."[42]

¶ 43. The circuit court denied the motion to stay, expressly stating that it was "not convinced" that it had the statutory authority to stay the sex offender regis-

[40] *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).

[41] *Long v. Long,* 196 Wis. 2d 691, 695, 539 N.W.2d 462 (Ct. App. 1995). *See also State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985); *Shuput v. Lauer,* 109 Wis. 2d 164, 177–78, 325 N.W.2d 321 (1982).

[42] *State v. Delgado,* 223 Wis. 2d 270, 281, 588 N.W.2d 1 (1999).

tration requirement. In its discussion, the circuit court referred to Cesar's age and stated that it considered the charge a "serious offense." The circuit court failed to compare Cesar's age to the age of the victim and it did not discuss the relationship of Cesar and the victim, the bodily and emotional harm to the victim, or the probability that Cesar will commit other violations in the future. The circuit court's ordered evaluation concluded that Cesar was "a physically and emotionally immature youngster" who was amenable to treatment, and who would not be likely to continue "perpetration of antisocial behaviors."

¶ 44. The circuit court offered the following reasons for its decision to deny the stay:

> The sexual offender registration by my recollection is something that stays in effect for fifteen years and I harken back and again I understand Cesar's age. I understand the—the circumstances involved here but I harken back to my comments at the beginning of this that this was a serious offense. If Cesar were 17, on the facts of this case probably he would—he would be looking at some period of incarceration. Certainly he would be looking at—at sexual—as—as a registrar—register of—in as a sexual offender. And although I've stayed that in one other case that I can recall by stipulation between Defense counsel and the State I am still not convinced that I have the statutory authority to—to stay that.
>
> . . . .
>
> Under the circumstances that will keep Cesar registered until he is 27 or 28 years old. I don't think that's unreasonable. I am not going to stay execution of that. He shall register as a sexual offender.

¶ 45. · The court of appeals concluded that the circuit court had "assumed it had the authority to stay

the registration requirement" and "exercised its discretion when it denied Cesar's request to stay the sex offender registration requirement."[43] Furthermore, the court of appeals concluded that it was "within the circuit court's prerogative to emphasize the seriousness of the offense as the driving factor in denying Cesar's request."[44]

¶ 46. In contrast to the court of appeals, we view the circuit court's statement that it was not convinced it had the statutory authority to stay the sex registration requirement as persuasive that it made its decision based on an incorrect view of the law. As such, the circuit court's decision denying Cesar's motion to stay the registration requirement constitutes an erroneous exercise of discretion. The court of appeals decision must therefore be reversed and the cause remanded to the circuit court for exercise of its discretion.

¶ 47. Both parties suggest that if the cause is remanded the circuit court should consider the seriousness of the offense, as well as the factors listed in Wis. Stat. § 938.34(15m)(c) and repeated in § 301.45(1m)(e), when deciding whether to stay its sex offender registration order under § 938.34(16).

¶ 48. It is, of course, entirely appropriate that a circuit court consider the seriousness of the offense in deciding any dispositional order of a juvenile.

¶ 49. Moreover, because the legislature has provided that a circuit court may consider certain factors when deciding under Wis. Stat. § 938.34(15m)(c) whether it is in the interest of public protection to require a juvenile to register as a sex offender, and because the legislature has set forth substantially the

---

[43] *State v. Cesar G.*, No. 02–2106, unpublished slip op., ¶ 3 (Wis. Ct. App. Apr. 1, 2003).

[44] *Id.*, ¶ 6.

same factors in § 301.45(1m)(e) for a circuit court to consider in determining whether it is not necessary in the interest of public protection to require the person to comply with the sex offender registration requirements, we conclude a circuit court should consider these factors (as well as the seriousness of the offense) in deciding whether to stay a dispositional order requiring a juvenile to register as a sex offender.[45]

¶ 50. The factors set forth by the legislature in Wis. Stat. §§ 938.34(15m)(c) and § 301.45(1m)(e) and which this court adopts, along with the seriousness of the offense, for the circuit court to consider in deciding whether to grant a stay of that part of a dispositional order requiring a juvenile to register as a sex offender, are as follows:

1. The ages, at the time of the violation, of the juvenile and the victim of the violation;

2. The relationship between the juvenile and the victim of the violation;

3. Whether the violation resulted in bodily harm, as defined in s. 939.22 (4), to the victim;

4. Whether the victim suffered from a mental illness or mental deficiency that rendered him or her temporarily or permanently incapable of understanding or evaluating the consequences of his or her actions;

5. The probability that the juvenile will commit other violations in the future; and

6. Any other factor that the court determines may be relevant to the particular case.

---

[45] See Wis. Stat. §§ 938.34(15m)(c), 301.45(1m)(e).

¶ 51. We also hold that, upon moving the circuit court to issue a stay of the sex offender registration requirement, the juvenile has the burden to prove by clear and convincing evidence that, based on these factors, a stay should be granted in his or her case. We so hold because the legislature placed this burden of proof on the person seeking an exception to the regis- tration requirement under Wis. Stat. § 301.45(1m)(e). The burden of proof we set forth attaches when a juvenile files a motion requesting a stay of the sex offender registration requirement; the circuit court may, on its own initiative, without a motion by the juvenile, decide to stay the sex offender registration requirement as part of its dispositional order.

¶ 52. In sum, we conclude that a circuit court has the authority under Wis. Stat. § 938.34(16) to stay that part of a dispositional order requiring a delinquent juvenile to register as a sex offender. In considering whether to stay such an order, a circuit court should consider the seriousness of the offense as well as the factors enumerated in Wis. Stat. §§ 938.34(15m)(c) and 301.45(1m)(e). Because we conclude that the circuit court based its decision not to stay the sex offender registration on an erroneous view of the law, that is, that it did not have the authority to stay an order requiring a delinquent juvenile to register as a sex offender, we reverse the decision of the court of appeals and remand the cause to the circuit court so that it may exercise its discretion.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.

¶ 53. DIANE S. SYKES, J., did not participate.