# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 21, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP47**

**STATE OF WISCONSIN**

Cir. Ct. No. **2016JV311C**

**IN COURT OF APPEALS
DISTRICT I**

IN THE INTEREST OF K.B.W., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

     PETITIONER-RESPONDENT,

  V.

K.B.W.,

     RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed*.

¶1 WHITE, J.[1] K.B.W. appeals from a circuit court order requiring him to comply with juvenile sex offender registration requirements for a period of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

fifteen years. He argues that the circuit court failed to make a required finding that his underlying offense was "sexually motivated;" therefore, the circuit court failed to consider the correct standard of law and erroneously exercised its discretion. Upon review, we affirm.

## BACKGROUND

¶2 In July 2016, the State petitioned for K.B.W. to be adjudicated delinquent based on allegations of three counts of sexual assault of a child under the age of sixteen, contrary to WIS. STAT. § 948.02(2), and one count of disorderly conduct, contrary to WIS. STAT. § 947.01(1). The State alleged that on May 11, 2016, K.B.W. approached two girls, J.M.H. and T.M.A., on the southwest corner of school property where they all attended school. J.M.H. reported that K.B.W. pushed her and put his hand down her shirt and under her bra. T.M.A. reported that K.B.W. started grabbing on her and touching all over her body with an open hand, he pushed his body against her, and he put his left hand under her shirt and bra and touched her left breast. Both girls were then able to get away. Another girl, D.L.B., reported that K.B.W. approached her in their school hallway that same day and he pulled her hair, and then put his hand down her shirt and bra and touched her breast.

¶3 This delinquency petition was filed while K.B.W. was facing three other delinquency cases. In the first case, he faced charges for a burglary and trespass, both party to a crime. The second case was for attempted burglary as a party to a crime, criminal damage to property as a party to a crime, and obstructing an officer. The third case was for operating a motor vehicle while fleeing or attempting to elude an officer as well as obstructing an officer.

2

¶4    A competency evaluation of K.B.W. was performed in September 2016. Although K.B.W. was initially not considered competent, the trial court concluded that K.B.W. regained competency at a hearing in June 2017 after testimony from a psychologist who evaluated him. The court noted that while the evaluation and testimony raised concerns that K.B.W.'s "cognitive capacities" and IQ were low, he demonstrated that he was competent to assist in his defense and had the ability to reason and understand the proceedings.

¶5    K.B.W. entered into a plea agreement to resolve all charges in September 2017. In exchange for his admission to the count for criminal damage to property as a party to a crime and the count for operating a motor vehicle while fleeing, the State would amend the case with three sexual assault charges to a single count of fourth-degree sexual assault and move to dismiss and read-in the remaining counts. The State recommended the court defer the decision whether K.B.W. would be required to comply with juvenile sex offender registration.

¶6    The trial court's[2] plea colloquy with K.B.W. thoroughly reviewed the elements of each count as well as any necessary or relevant definitions. The court reviewed the factual basis of each count. When addressing the count for fourth-degree sexual assault, the trial court stated that the "offense for which you are offering admission is a crime which is of a sexual nature, and there are consequences associated with that as well. You can be subject to reporting requirements; do you understand that?" K.B.W. responded, "Yes, ma'am." The State then made a record requesting a colloquy that K.B.W. understood "sexual

---

[2] The Honorable Gwendolyn G. Connolly accepted K.B.W.'s pleas, adjudicated him delinquent, and issued the first two dispositional orders. We refer to Judge Connolly as the trial court.

contact" as defined in the statutes for the fourth-degree sexual assault charge. In response to questions from the trial court, K.B.W. admitted that he was sexually gratified by the conduct underlying the sexual assault charge. The court accepted K.B.W.'s plea, adjudicated him as delinquent on the basis of these violations, and dismissed and read-in the other charges. The court deferred the decision on juvenile sex offender registration.

¶7 After multiple hearings on the disposition of K.B.W.'s delinquency adjudication, the trial court ordered probationary supervision with continued placement in his mother's home. Upon the State's request, the court ordered a "referral to the sex offender [Alternatives to Sexual Assault Program (ASAP)] program[.]" The court stated that the "fourth-degree sexual assault, of course, involves a crime of a sexual nature and, and, as such, you … can be subject to reporting … requirements." The court continued to defer the decision of whether K.B.W. would be required to register.

¶8 After the dispositional order was entered, the question whether the court would order sex offender registration continued to be deferred; however the trial court was apprised that K.B.W. had issues attending therapy sessions in December 2017. After more issues arose with K.B.W.'s conduct, the State brought a sanctions motion and the court ordered K.B.W. be held in secure detention for a short period in March 2018. In April 2018, the court changed K.B.W.'s placement to a residential treatment facility after receiving more reports he did not comply with the dispositional order, including that he did not participate in sex offender treatment, noting:

> I think it would be irresponsible of this [c]ourt to not review the fact that he has essentially ignored that for the last six months of this [c]ourt's order and not engaged in the services which have been permitted to him, given to

> him, that the placement location notwithstanding has been unable to impress upon him, the Wraparound services that have been able to assist him in understanding that, and his failure to go to school underscores that as well.

The court also extended the dispositional order until one day before K.B.W.'s eighteenth birthday, then ten months away.

¶9 In June 2018, K.B.W. moved to change his placement back to his mother's home. While that decision was pending, K.B.W. did not return to the residential treatment facility after a home pass in July 2018 and his whereabouts were unknown. The court commissioner issued a capias. K.B.W. was not present at a status hearing in August 2018 and he continued to be away from the residential treatment facility without permission. In October 2018, K.B.W. appeared in court on a return of the capias and he was ordered held in secure detention. In November 2018, K.B.W.'s counsel asked for K.B.W. to return to home placement with this mother to allow for ASAP therapy which might allow him to avoid the juvenile sex offender registration requirements. However, the court kept K.B.W. in secure detention pending a change of placement hearing.

¶10 At the contested hearing on the motion to change K.B.W.'s placement on November 29, 2018, the Human Services Worker (HSW) assigned to his case testified about K.B.W.'s limited attendance in sex offender treatment therapy, and acknowledged that the residential treatment facility did not offer sex offender relapse therapy. The court changed K.B.W.'s placement to a temporary shelter with escalated supervision, GPS monitoring and a twenty-four hour curfew.

¶11 In January 24, 2019, a capias was issued because the shelter informed the court that K.B.W. was attempting to sell marijuana at the shelter, an obvious rule violation. At the return on capias hearing on January 29, 2019,

K.B.W. was ordered to remain in secure detention. On February 4, 2019, the reserve circuit court judge[3] denied the State's request to transfer him to custodial placement with the Department of Corrections at Lincoln Hills. Instead, the reserve court sent K.B.W. home.

¶12   On February 7, 2019, the trial court granted the State's motion to extend the dispositional order for thirty days—the existing order would expire February 10, 2019. On March 4, 2019, the circuit court[4] ordered that the dispositional order be extended for twelve months, until February 11, 2020, until K.B.W.'s nineteenth birthday. The circuit court affirmed that juvenile sex offender registration for a fourth-degree sexual assault was discretionary by the court and it stated it extended the order in part to give K.B.W. more time for therapy.

¶13   K.B.W. did not attend the review hearing on January 14, 2020. However, the circuit court instructed the HSW that K.B.W. must be officially noticed about the next hearing date when juvenile sex offender registration would be decided. K.B.W. also did not attend the decision hearing on February 7, 2020. At that hearing, the HSW informed the court that she complied with the court order and gave notice to K.B.W. in multiple formats.

¶14   The hearing centered on the circuit court's decision whether to order K.B.W. to register. Although the State did not request that K.B.W. be required to

---

[3] The Honorable Michael Malmstadt, reserve judge, presided over the February 4, 2019 hearing. We refer to Judge Malmstadt as the reserve court.

[4] The Honorable Kashoua Kristy Yang presided over K.B.W.'s final dispositional order and entered the order requiring him to comply with juvenile sex offender registration for fifteen years. We refer to Judge Yang as the circuit court.

6

comply with juvenile sex offender registration, the circuit court expressed it was concerned K.B.W. has not "demonstrated to the professionals" that he understood "enough to prevent him from re-offending in a similar or like manner[.]" The court referenced a report from January 2019 that stated that K.B.W. "has a high level of static factors including his past, disengagement from treatment, past delinquent behavior outside the sexual offense, and failure to attend and engage in court-ordered services. These factors suggest [K.B.W.] is currently at a high level of risk to re-offend." The court stated:

> [K.B.W. has] been defiant with going to treatment to the extent where he would lie about his whereabouts so that Wraparound couldn't take him to his sessions. He's not been willing to engage, and so much so that he's not even willing to come to today's hearing. How is the public protected? And per the petition, this is just not—it was not one isolated event of groping, and it wasn't just one individual. He is refusing to admit or acknowledge, despite having admitted to a fourth degree [sexual assault], refused to acknowledge, really, meaningfully acknowledge his action and address it.

The circuit court concluded it could not reconcile that it was in "the interest of public protection" not to require K.B.W. to comply with juvenile sex offender registration. It continued that it understood "this is a fourth[-]degree [sexual assault]," and that K.B.W.'s "IQ is low," but that the court and "the public would expect … some effort." The court ordered that K.B.W. be required to comply with the juvenile sex offender registration requirements for fifteen years.

¶15 This appeal follows. Additional facts are included below as necessary.

**DISCUSSION**

¶16     The circuit court may require a juvenile adjudicated delinquent on the basis of specific sexual assault charges, including fourth-degree sexual assault under WIS. STAT. § 940.225(3m), to comply with the sex offender reporting requirements under WIS. STAT. § 301.45 "if the court determines that the underlying conduct was sexually motivated, as defined in [WIS. STAT. §] 980.01(5), and that it would be in the interest of public protection to have the juvenile report under [§] 301.45." WIS. STAT. § 938.34(15m)(am). The circuit court exercises its "discretion to determine whether to require a juvenile to comply with the registration requirements" under § 301.45 for offenses governed by § 938.34(15m)(am). *State v. Cesar G.*, 2004 WI 61, ¶12, 272 Wis. 2d 22, 682 N.W.2d 1. We will "affirm a circuit court's discretionary decision as long as the circuit court 'examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.'" *Id.*, ¶42 (citation omitted). The court may require lifetime registration, a fifteen-year term of registration, or permanently stay registration. *See* § 301.45(5).

¶17     For violations governed by WIS. STAT. § 938.34(15m)(am), the court makes two threshold determinations before considering whether registration is appropriate: that the violation was "sexually motivated" and that registration would be in the "interest of public protection." The record reflects that at the February 7, 2020 hearing, the circuit court considered whether registration was in the interest of public protection, ultimately concluding that registration was necessary. However, K.B.W. argues that the circuit court failed to make the required findings whether his underlying offense was "sexually motivated." WIS. STAT. § 938.34(15m)(am).

¶18    K.B.W. argues that a fourth-degree sexual assault based on sexual contact can have an underlying basis that is not "sexually motivated." By statute, "[s]exual contact" means "intentional touching" either directly or through clothes that is "for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under [WIS. STAT. §] 940.19 (1)." The last purpose, generally described as bodily harm, does not require that the conduct was sexually motivated.

¶19    Although the circuit court did not state on the record at this hearing whether the fourth-degree sexual assault violation was sexually motivated, the entire record supports that this issue has been expressly addressed. We look for reasons to sustain the circuit court's exercise of discretion. *See State v. Wiskerchen*, 2019 WI 1, ¶18, 385 Wis. 2d 120, 921 N.W.2d 730. Here, K.B.W. pled guilty and admitted the factual basis for the fourth-degree sexual assault count. We view "the record in its totality" when we consider the factual basis to support an inquiry into a plea. *See State v. Thomas*, 2000 WI 13, ¶23, 232 Wis. 2d 714, 605 N.W.2d 836. Here, the entirety of the record establishes that K.B.W. entered a plea admitting that the assault was sexually motivated and was not an assault based on bodily harm.

¶20    The State made the following record at the plea hearing:

> [THE STATE:] Specifically with regard to [the underlying delinquency] petition, there was a mention of sexual contact. I would just like a record and a colloquy being made with regard to sexual contact for the purpose of intentional touching for the purpose of sexual arousal, gratification, or humiliation.
>
> ….

THE COURT: Okay. So when you—I think the facts of case are you were putting your hands in—under the shirt of this—of the victim; you understand?

[K.B.W.:] Yes, ma'am.

THE COURT: All right. It also requires that you acted with the intent to do one of the following: That you caused bodily harm to the victim, that you became sexually aroused or gratified, or that you sexually degraded or humiliated the victim; do you understand that?

[K.B.W.:] Yes, ma'am.

THE COURT: Which is the—that the State believes is appropriate for this element?

[THE STATE:] Really it—it's not the bodily harm. It's more of the gratification.

THE COURT: [K.B.W.], were you sexually gratified by the experience?

[K.B.W.:] Yes, ma'am.

THE COURT: All right.

¶21 The plea hearing record established that K.B.W.'s charged fourth-degree sexual assault violation was "sexually motivated." K.B.W. was informed repeatedly from the adjudication in September 2017 through the February 2020 hearing that he faced possible juvenile sex offender registration requirements if he could not make progress in therapy to show that he was at a low risk to re-offend. If the underlying charge were not "sexually motivated," then a decision of registration would not have been necessary at all, much less needed to be repeatedly discussed and deferred for almost two and one-half years. Because the adjudication clearly established by K.B.W.'s admission that the assault was

10

"sexually motivated," we can reasonably infer that finding was implicit in the circuit court's decision-making process at the February 2020 hearing.[5]

¶22 In making this decision, the record reflects that the circuit court considered relevant facts including reports from treatment professionals, the HSW's testimony, K.B.W.'s attendance in various programs and in court, and K.B.W.'s successes and failures at complying with the dispositional order. It is clear that the circuit court carefully considered whether requiring K.B.W. to register was in the interest of public protection, as instructed by WIS. STAT. § 938.34(15m)(am). The circuit court then demonstrated rational decision making when it concluded that requiring K.B.W. to register was necessary. Ultimately, we conclude that the circuit court's exercise of discretion was a reasonable decision that a reasonable court could have reached because it was based on the relevant facts in record and the proper standard of law. Accordingly, we sustain the court's decision to require K.B.W. to comply with the juvenile sex offender registration requirements for a term of fifteen years.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] While the statute mandates that the court "determines that the underlying conduct was sexually motivated" prior to ordering registration, it does not set forth that this finding occur immediately prior to the decision. Because the totality of the record supports that the circuit court's omission in making a finding on the record at the February 2020 hearing that the assault charge was sexually motivated based on K.B.W.'s own admission did not contribute to the court's decision to require K.B.W. to register, we conclude that any error was harmless. *See State v. Harvey*, 2002 WI 93, ¶44, 254 Wis. 2d 442, 647 N.W.2d 189; *see* Wis. Stat. § 805.18(1).