COURT OF APPEALS
DECISION
DATED AND FILED

April 5, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1624**

Cir. Ct. No. **2016JV438**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

IN THE INTEREST OF E.L.C., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

E.L.C.,

      RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed*.

¶1 BRASH, C.J.[1] E.L.C. appeals from the order requiring him to register as a sex offender for a period of fifteen years after he was adjudicated

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

delinquent for fourth-degree sexual assault. E.L.C. argues that the court erroneously exercised its discretion in imposing that requirement. Upon review, we affirm.

## BACKGROUND

¶2 In May 2016, police officers from the City of Milwaukee responded to a sexual assault complaint reported by D.D., E.L.C.'s mother. D.D. stated that her daughter and E.L.C.'s sister, D.M.D.—who was seven years old at the time— had told her that E.L.C. had sexually assaulted her on three occasions. The assaults were alleged to have occurred between June 2015 and May 2016, when E.L.C. was twelve and thirteen years old. An officer interviewed E.L.C., who admitted to having sexual contact with D.M.D. on "multiple occasions."

¶3 A delinquency petition was filed in May 2016 charging E.L.C. with first-degree sexual assault of a child under the age of thirteen. E.L.C. subsequently entered into a plea agreement where the charge was amended to fourth-degree sexual assault, with the approval of D.D. and D.M.D. At the dispositional hearing held in August 2016, placement issues, supervision guidelines, and treatment options for E.L.C. were discussed. Additionally, it was agreed that the issue of sex offender reporting would be deferred until E.L.C. had the opportunity to participate in counseling.

¶4 In October 2020, the State filed a motion to require E.L.C. to comply with the sex offender registry reporting requirements. In support of its motion, the State cited E.L.C.'s behavioral issues and lack of compliance with the dispositional order during the four years he had been on supervision. Specifically, the State asserted that E.L.C. had never consistently participated in sex offender treatment, which could have lowered his assessed risk of reoffending.

Furthermore, the State contended that E.L.C.'s conduct during his time on supervision had been "poor," in that E.L.C. had regularly failed to maintain his court-ordered placement and was uncooperative with the treatment services he was being provided. Additionally, E.L.C. had been arrested in Illinois while in possession of two firearms. As a result, E.L.C. had not "been able to lower and maintain a healthy risk level to protect the community in the future," and therefore the State argued that sex offender registration was warranted.

¶5 At a hearing on the State's motion held in March 2021, the trial court agreed that the statutory factors for sex offender registration had been met. The trial court noted the seriousness of E.L.C.'s offense, as well as referencing the risk assessment evaluation which discussed E.L.C.'s conduct while on supervision and his failure to fully participate in treatment. Therefore, the court ordered E.L.C. to register as a sex offender. This appeal follows.

## DISCUSSION

¶6 Pursuant to WIS. STAT. § 938.34(15m), a juvenile who is adjudicated delinquent for certain crimes—including fourth-degree sexual assault—may be required to comply with the sex offender registration requirements of WIS. STAT. § 301.45. To impose this requirement, the trial court must determine that "the underlying conduct was sexually motivated," and that "it would be in the interest of public protection to have the juvenile report[.]" *See* WIS. STAT. § 938.34(15m)(am)1.[2] This determination is within the discretion of the trial

---

[2] We note that had E.L.C. been adjudicated delinquent under the original charge against him—sexual assault of a child under the age of thirteen—reporting under the sex offender registry requirements would have been mandatory, unless the trial court determined that certain exceptions applied. *See* WIS. STAT. §§ 938.34(15m)(bm); 301.45(1m).

court. *See State v. Cesar G.*, 2004 WI 61, ¶12, 272 Wis. 2d 22, 682 N.W.2d 1. "A discretionary decision 'will stand unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the same conclusion.'" *State v. C.G.*, 2021 WI App 11, ¶11, 396 Wis. 2d 105, 955 N.W.2d 443 (citation omitted).

¶7     In this case, E.L.C. concedes that his conduct resulting in the charge against him meets the standard for being "sexually motivated." *See* WIS. STAT. § 980.01(5). Thus, we focus on the second prerequisite for requiring sex offender registration—whether it was in the interest of public protection to require E.L.C. to report. *See* WIS. STAT. § 938.34(15m)(am)1. To make this determination, there are a number of statutory factors which may be considered by the trial court:

> **1.** The ages, at the time of the violation, of the juvenile and the victim of the violation.
>
> **2.** The relationship between the juvenile and the victim of the violation.
>
> **3.** Whether the violation resulted in bodily harm, as defined in [§ ]939.22(4), to the victim.
>
> **4.** Whether the victim suffered from a mental illness or mental deficiency that rendered him or her temporarily or permanently incapable of understanding or evaluating the consequences of his or her actions.
>
> **5.** The probability that the juvenile will commit other violations in the future.
>
> **7.** Any other factor that the court determines may be relevant to the particular case.

WIS. STAT. § 938.34(15m)(c). It is within the trial court's discretion to determine "which factors to consider and how to weigh them." *C.G.*, 396 Wis. 2d 105, ¶13.

4

¶8    Here, the record indicates that the trial court considered the factors set forth in WIS. STAT. § 938.34(15m)(c).  Specifically, the court discussed the ages of E.L.C. and D.M.D. at the time of the assaults and their familial relationship, the first and second factors.  *See id.*  The court noted that the third and fourth factors, which relate to any physical or mental harm to D.M.D., were not applicable, although it did observe the serious nature of the assaults.  *See id.*

¶9    In discussing the fifth factor—the probability that E.L.C. will commit other violations in the future, *see id.*—the trial court recognized that E.L.C. remained at a moderate risk to reoffend, referencing the risk assessment report from the therapist who evaluated E.L.C.  Specifically, this report stated E.L.C.'s assessment level was based on factors which were under his control, particularly his conduct while on supervision, which included his lack of cooperation with the treatment programs offered to him; leaving his foster home with his whereabouts unaccounted for over several days; and his arrest in Illinois for possession of a firearm.  E.L.C., on the other hand, argues that there have not been any further allegations against him, and thus the trial court's decision is based on "pure speculation" that he may reoffend.  However, the full scope of E.L.C.'s conduct while he was on supervision was considered in the report assessing his risk to reoffend, and thus it was reasonable for the trial court to consider this information in its review of the fifth factor.  *See id.*

¶10    In short, the trial court properly considered the statutory factors and applied them to the facts set forth in the record in making its determination that E.L.C. must comply with the reporting requirements for the sex offender registry for a period of fifteen years.  Therefore, this was a reasonable decision by the trial court, and it thus did not erroneously exercise its discretion in imposing this

requirement. *See C.G.*, 396 Wis. 2d 105, ¶11. Accordingly, we affirm the order requiring E.L.C.'s registration as a sex offender.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.